UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC. | CIVIL ACTION |
| VERSUS | NO: 10-2970-KDE-SS |
| MID-SOUTH SERVICES, INC., et al | |

### REPORT AND RECOMMENDATION

The plaintiff, Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), filed a motion to establish the amount of attorneys' fees, costs and expenses due to it.

### ANALYSIS

On September 9, 2010, Wells Fargo filed a complaint against Mid-South Services, Inc., Sharon Larouse and Woody Collins, pursuant to the Louisiana Lease of Movables Act (La. R.S. 9:3301). Rec. doc. 1. The defendants were served by September 20, 2010. Rec. docs. 4-7. On December 14, 2010, Wells Fargo was ordered to obtain responsive pleadings or default the defendants. Rec. doc. 8. Wells Fargo moved for entry of default, and a default was entered. Rec. docs. 9 and 10. On February 24, 2011, Wells Fargo was ordered to submit a default judgment. Rec. doc. 11. The judgment of default was entered on May 13, 2011 in favor of Wells Fargo and against the defendants. Rec. doc. 13. On May 25, 2011, Wells Fargo moved for attorneys' fees and costs. Rec. doc. 14. The motion was referred to the then assigned Magistrate Judge. Rec. doc. 15. On July 11, 2011, the case was reassigned to the undersigned Magistrate Judge. Rec. doc. 16.

The motion was served via United States mail, postage prepaid, on the defendants at addresses shown in the certificate of service. Rec. doc. 14 at 2. The defendants have not appeared

in response to the motion. In support of the motion, Wells Fargo submitted redacted copies of the statements of its counsel for June 17, 2010 through April 8, 2011. It seeks a total of $8,009.41.[1]

To calculate an attorneys' fees award the district court first calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 103 S. Ct. 1933, 1939-40 (1983). However, "the district court [retains] broad discretion in setting the appropriate award of attorneys' fees." Hensley, 103 S. Ct. at 1939-40.

In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by defendant's attorneys. Hensley, 103 S. Ct. at 1939-40. The district court must eliminate excessive or duplicative time. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley, 103 S. Ct. at 1939-40.

The statements submitted by Wells Fargo do not demonstrate the exercise of billing judgment. They reveal that all time entries were in quarter hour segments. In Green v. Administrators of Tulane Educational Fund, 284 F.3d 642 (5th Cir. 2002), the Fifth Circuit stated that:

> To determine the number of hours reasonably expended on a case, a plaintiff must show that billing judgment was exercised. Walker v. HUD, 99 F.3d 761, 769 (5th Cir.1996). Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours. Id. We have held that the remedy for failing to exercise billing judgment is to reduce the hours awarded by a percentage. Id. at 770.

284 F.3d at 662; and see Alberti v. Klevehagen, 896 F.2d 927, 930 (5th Cir. 1990)("Ideally, billing

---

[1] The seven statements submitted by Wells Fargo total $7,559.41.

judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."). "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." Walker v. U.S. Dept. of Housing and Urban Development, 99 F.3d 761, 770 (5th Cir. 1996). In Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 181 (5th Cir. 2007), the Fifth Circuit affirmed the reduction for billing judgment because of rounding up in quarter hour increments.

Because of the absence of billing judgment and the entries in quarter hour segments, the hours sought will be reduced by fifteen percent.

| Time Keepers | Hours on Statements | Reduction | Hours in Lodestar |
|---|---|---|---|
| Aguilar | 2.25 | 0.35 | 1.90 |
| Hawkins | 25.75 | 3.85 | 21.90 |

The record and the redacted billing entries demonstrate that, after the adjustment for billing judgment, the remaining time sought by Wells Fargo is reasonable.

The hourly rates sought by the attorneys are: Aguilar - $340.00; and LaSalle - $225.00. Wells Fargo did not submit any affidavits or other evidence to support the hourly rates sought by its counsel. In Greater New Orleans Fair Housing Action Center, et al v. St. Bernard Parish, 06-7185-HGB-SS (Rec. doc. 381), the Court approved rates of $250.00 to $275.00 per hour for partners and $125.00 to $175 per hour for associates for activity in 2009. Counsel for Wells Fargo incurred their time in 2010 and 2011. The hourly rate for Aguilar will be reduced to $300 per hour. The hourly rate for LaSalle will be reduced to $200 per hour.

The lodestar is $4,950.00.

3

|          | Hourly Rate | Hours | Total     |
|----------|-------------|-------|-----------|
| Aguilar  | 300.00      | 1.90  | $ 570.00  |
| LaSalle  | 200.00      | 21.90 | 4,380.00  |
|          |             |       | $4,950.00 |

"The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve [Johnson] factors. . . ." Forbush, 98 F.3d at 821; see also Walker v. United States Dep't of Housing and Urban Dev., 99 F.3d 761, 771-73 (5th Cir.1996) (describing the limited circumstances in which an adjustment to the lodestar is appropriate). In Hensley the Supreme Court noted that many of the Johnson factors are "subsumed" in the initial calculation of reasonable hours and rates. 103 S. Ct. at 1940 n. 9. There is no basis for a further adjustment of the lodestar.

Wells Fargo seeks to recover $1,000.66 in costs. The largest costs were the filing and service of the complaint. The Fifth Circuit has held that "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable . . . because they are part of the costs normally charged to a fee-paying client." Associated Builders & Contractors of Louisiana, Inc., 919 F.2d 374, 380 (5th Cir. 1990). The costs sought by Wells Fargo are reasonable.

### RECOMMENDATION

IT IS RECOMMENDED that:

1. Wells Fargo's motion to establish amount of attorneys' fees, costs and expenses due to it (Rec. doc. 14) be GRANTED in PART and DENIED in PART.

2. Wells Fargo be awarded attorneys fees of $4,950.00 and costs of $1,000.66 from the defendants for total of $5,950.66.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 6th day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**